**Kelvin DAVIS; Ruby Jean May; Robert Spears, Plaintiffs–Appellants,**

v.

**Paul ADAMSON; Rick Bjelke; Doug Cardwell; City of Sparks; John Dotson; Walter Frazier, Sgt.; Jerry Hoover; Pete Krall; City of Reno; Scott Tracy, Defendants–Appellees.**

No. 06–17076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2008.

Filed Aug. 4, 2008.

Terri Keyser–Cooper, Law Office of Terry Keyser–Cooper, Reno, NV, Diane K. Vaillancourt, Santa Cruz, CA, for Plaintiffs–Appellants.

Creighton C. Skau, Reno, NV, Chester H. Adams, Office of the City Attorney, Chief Civil Deputy Attorney, Sparks, NV, Thomas F. Riley, Office of the City Attorney, Sparks, NV, for Defendants–Appellees.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

We review de novo the district court's grant of summary judgment on the basis of qualified immunity. *Blankenhorn v. City of Orange,* 485 F.3d 463, 470 (9th Cir.2007). We have jurisdiction under 28 U.S.C. § 1291.

■ The district court correctly ruled that the officers' hot pursuit of Michael Thomas justified their entry into the barbershop under the exigent circumstances doctrine. *See United States v. Lindsey,* 877 F.2d 777, 780–81 (9th Cir.1989). The officers were permitted, out of concern for their safety and that of the occupants, to order the occupants to lie on the floor and then exit the barbershop one at a time. *See Michigan v. Summers,* 452 U.S. 692, 702–03, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) ("The risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation.").

■ Reasonable suspicion existed to pat search and detain Spears and Davis because the officers were unable to determine whether Spears and Davis were the suspected armed and dangerous drug dealers Officer Tracy reasonably believed had entered the barbershop only seconds before. *United States v. Bautista,* 684 F.2d 1286, 1289 (9th Cir.1982). May alleges that she was searched, but she provides no

evidence that any of the Appellees conducted the alleged search.

■ There is a dispute of fact as to whether Officer Adamson searched Spears's pockets more extensively than warranted for a legitimate pat down frisk for weapons. *See Minnesota v. Dickerson,* 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). If such a search did occur, it violated Spears's clearly established Fourth Amendment rights. We reverse the district court's grant of summary judgment on this issue only and remand so that a trier of fact may determine whether a more intrusive search occurred without consent, and if so, the amount of any damages Spears may have suffered.

■ Appellees did not use excessive force. The threat posed by the fleeing suspects who had just entered the barbershop and the evidence known to the police from the three-month drug trafficking investigation entitled the officers to display their weapons during the initial entry. *See Alexander v. County of Los Angeles,* 64 F.3d 1315, 1320 (9th Cir.1995). Likewise, the officers were entitled to handcuff Spears and Davis until determining that they did not pose a threat and were not the suspects under pursuit. *See Muehler v. Mena,* 544 U.S. 93, 100, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). Even if the handcuffing of Davis amounted to excessive force, a reasonable officer could not have known that his conduct was unlawful, as Davis during the time he was handcuffed did not signal that the cuffs were too tight. *See Brittain v. Hansen,* 451 F.3d 982, 988 (9th Cir.2006). Therefore, Sergeant Frazier is entitled to qualified immunity.

We affirm the rulings of the district court as to all claims and all parties except

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

38

for the Fourth Amendment claim of Robert Spears. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.